**T. C. MEEK, Appellant,**

v.

**H & N MACHINING INC., Appellee.**

No. 16860.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 20, 1967.

Elvin E. Tackett and Nathaniel J. Harben, Fort Worth, for appellant.

Hooper, Steves & Kerry, and Winfred Hooper, Jr., Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

Suit by T. C. Meek, as plaintiff, was for contractual consideration by an independent contractor under a five year written contract with defendant H & N Machining Inc. Trial was before a jury, and based thereon, and the trial court's statement, viz: "having made such other and further findings as necessary to support this verdict", a take nothing judgment was rendered from which plaintiff perfected an appeal.

Affirmed.

Plaintiff's first three points of error are related to the action of the trial court in overruling his exceptions to pleadings set up in the defendant's answer and permitting testimony on trial of oral agreements made. In substance the defendant plead that during the period of plaintiff's performance under the written contract, and relating thereto, there were oral agreements which amounted to partial recission of provisions of the written contract or to individual transactions outside its provisions. The defendant contended that as result its obligation of performance under the oral agreements as applied to certain activities of the plaintiff did not obligate it to perform under the prior written contract.

Plaintiff's theory was that the original contract was within the Statute of Frauds and could not be modified or varied other than by a written instrument, and that evidence of oral agreements purporting to do so was inadmissible.

Assuming the original contract to be within the Statute, we believe the proper rule is stated in Restatement of the Law, Contracts, Ch. 8, "The Statute of Frauds", Topic 9, "Recission or Variation of Contracts Within the Statute", § 222, "Oral Recission of a Contract Within the Statute", as follows: "A contract within the Statute, whether or not made enforceable by satisfaction of its requirements, may be orally rescinded, unless the prior contract is enforceable and the contract to rescind involves the re-transfer of some subject-matter which is within the Statute."

The written contract concerned opportunity to acquire and perform work and accomplish sale of manufactured articles to Bell Helicopter Company. In this connection it is to be noted that the plaintiff did not have an "exclusive" contract for work so acquired and performed, nor was the defendant obliged to fill orders promoted by plaintiff. Through plaintiff's efforts defendant was afforded opportunity to bid upon supplying work or articles to Bell Helicopter with provision that if it did do so and obtained the contract to so supply work or articles a 10% commission would be due and payable by defendant to plaintiff.

It was the defendant's theory that in the normal instance, generally when it was only machine shop work not involving the purchase and integration of materials supplied by the defendant into the product moving from the defendant's plant to Bell Helicopter Company, the 10% commission was paid. However, as plead by defendant, there arose occasions when through plaintiff's efforts opportunity was afforded to perform work and accomplish sale of

articles to Bell Helicopter Company which it did not desire to contract to supply at the price necessary to enable it to get the business if obliged to pay a commission of 10%, particularly in instances where defendant had to buy and incorporate materials into finished products supplied to Bell Helicopter Company. In general, under defendant's theory and pleadings, the plaintiff induced it to proceed and so contract on these occasions so that the business was obtained and the work performed in consequence of contemporaneous oral agreements that the commission payable to plaintiff thereon would be 5%. In answer to special issues submitted on behalf of the defendant after evidence was closed, the jury found that such was what did occur.

■ Neither the Parol Evidence Rule nor the Statute of Frauds rendered defendant's pleadings and evidence improper whether the original contract did or not fall within the Statute of Frauds. Under the circumstances of the case we believe ambiguities in the contract, coupled with circumstances shown, were such that the trial court properly agreed that in these instances where 5% commissions were orally agreed upon they could be treated as outside the Statute and as independent and separate contracts, apart from the original, and not as a subsequent modification thereof. Furthermore, under the circumstances of the case, it is our opinion that even though the Statute be treated as applicable, oral agreements of the nature under consideration are proper and enforceable where the permission to pay 5% was given by the one party and the other, in reliance on the unrevoked oral agreement, materially changed his position. See the sections in the Restatement of the Law, Contracts, following § 222. See also 26 Tex.Jur.2d, p. 301, "Frauds, Statute of", § 133, "Specific performance."

■ Every special issue submitted to the jury was a "defendant's issue". Ordinarily the plaintiff who seeks to recover in a case such as this carries the "laboring oar", i. e.,

he is obliged to plead, prove, and persuade the jury to return special issue findings entitling him to recover as against the defendant "by a preponderance of the evidence".

There are exceptions to this rule and the plaintiff, by five points of error, seeks to demonstrate that exception is applicable in this case. He says that under the undisputed evidence all Bell Helicopter Company's purchase orders filled by the defendant prior to the termination of the contract were the result of his efforts and contacts, and that as of the time of termination defendant was processing such purchase orders and subsequently did complete them and received payment, but failed to pay the proper commission thereon to him. He says further that there was "no evidence" that the subsequently acquired Bell Helicopter Company business was procured by any means other than through his "contacts" with said company before termination and that there was "no evidence" that any particular sale and purchase transaction with said company was otherwise procured.

■ Our examination of the record does not lead us to the conclusion that plaintiff is correct in either of the matters claimed to have been "indisputably established" (so as to relieve him of the duty to have special issues submitted where he might obtain favorable findings by a preponderance of the evidence). There was certainly no admission by defendant in said respect. Plaintiff was not relieved of the burden to present his case to the jury. Furthermore it was no part of the burden of the defendant to prove that it obtained any Bell Helicopter Company business (whether before or after its termination of contractual relationships with plaintiff) by means other than through efforts or "contacts" with plaintiff.

It is true that there was work in defendant's shop, as of the time of contractual termination, as to which the evidence perhaps could justify holding that some amount of commission was due plaintiff out of the

compensation subsequently paid defendant by Bell Helicopter. However, the amount thereof was not established in the proof adduced on trial. Applicable proof merely related to the earnings of defendant through business done with Bell Helicopter Company from the "termination" date of June 10, 1964 to and inclusive of December, 1965, a period during which additional work under new contracts was performed by defendant for Bell Helicopter Company.

The "take nothing" judgment rendered by the trial court was correct because the plaintiff failed to obtain special issue findings establishing right to commissions other than those actually paid.

Judgment is affirmed.